IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              CRIMINAL ACTION NO. 2:20-cr-00083

DANA REED,

        Defendant.

**ORDER**

    *General Order #9* (Document 12, *In Re: Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic*, Miscellaneous Number: 2:20-mc-00052) entered on September 18, 2020, directed that, due to the increased presence of coronavirus in the community, all criminal petit jury selections and trials scheduled to commence in the Southern District of West Virginia would be continued until further order of the Court. *General Order #10* (Document 14, 2:20-mc-00052) entered on December 4, 2020, continued the previous directive restricting jury selection and trials. Both *General Order #9* and *General Order #10* further provided that, due to the Court's reduced ability to obtain an adequate spectrum of petit jurors, and the effect of the public health recommendations on the availability of counsel and Court staff to be present in the courtroom, the time period of any continuance implemented by these orders would be excludable under the Speedy Trial Act, as the Court specifically finds that the ends of justice

served by ordering such a continuance outweigh the interests of the public and each defendant in a speedy trial, pursuant to 18 U.S.C. § 3167(h)(7)(A).

*General Order #11* (Document 16, 2:20-mc-00052) entered on March 15, 2021, provides that, in view of "the sustained downward trend in daily [COVID-19] cases, the reduction in hospitalization metrics, and the efficient distribution of vaccinations[,]" jury trials may resume effective May 3, 2021. *General Order #11* further provides that the time period between May 3, 2021, and August 31, 2021, is excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by excluding this time period outweigh the interests of the public and each defendant in a speedy trial, pursuant to 18 U.S.C. § 3167(h)(7)(A).[1]

With regard to the instant case, the Court has reviewed the Defendant's *Motion to Continue Trial and All Case-Related Action* (Document 34) filed on March 22, 2021. Therein, the Defendant moves for a continuance of the trial on the grounds, *inter alia*, that the Defendant is in substance abuse treatment at Recovery Point Charleston which, throughout the ongoing pandemic, has effectively locked down numerous times and that this lockdown, coupled with the pandemic, have hindered attorney-client consultation. The Defendant further requests the trial continuance pursuant to *General Order #11* (2:20-mc-00052) allowing for the resumption of jury trials beginning in May 2021. The Defendant requests a continuance of at least sixty (60) days from May 3, 2021.

---

[1] Listed among the findings in support of the speedy trial excludable period are: "(1) jury trials have not been conducted for the majority of the past year; (2) resource and safety limitations prevent simultaneous trials and impose other scheduling limitations; (3) inequities will result if the speedy trial clock is lifted at the same time for all cases, even those that have waited for months; (4) the Court has a reduced ability to obtain an adequate spectrum of petit jurors; and (5) the public health recommendations for conducting indoor in-person events have an impact on the availability of counsel and the court staff[.]"

The requested delay is not attributable to lack of diligent preparation or failure to obtain evidence or witnesses on the part of the Government, or to congestion of the Court's calendar.

WHEREFORE, finding that the interest of the public and the Defendant in a speedy trial is outweighed by the ends of justice served by granting a continuance, the Court, for good cause shown as set forth in the Defendant's motion, and consistent with the findings set forth in *General Order #9*, *General Order #10* and *General Order #11* (2:20-mc-00052), does hereby **ORDER** that the motion (Document 34) be **GRANTED**.

The trial, previously scheduled for April 19, 2021, is **CONTINUED** to **July 19, 2021, at 9:00 a.m.**, in Charleston, West Virginia. Counsel should be prepared to select a jury **on the preceding Friday** if so ordered by the Court. The Court **ORDERS** the deadline for filing superseding indictments, if any, shall be thirty days prior to the trial date and that the parties submit their respective witness lists and any proposed voir dire and jury instructions no later than **July 6, 2021**.

The Court further **ORDERS** that the pretrial motions hearing, previously scheduled for March 29, 2021, be **CONTINUED** to **July 7, 2021, at 11:00 a.m.**, in Charleston, West Virginia, before the Honorable Omar J. Aboulhosn, and that any motions to be addressed at the pretrial motions hearing, as well as any motions in limine, shall be filed no later than **June 30, 2021**.

Lastly, the Court **ORDERS** that the parties notify the Court of any proposed plea agreement in sufficient time such that a plea hearing may be scheduled by the Court no later than a week before trial. Furthermore, the parties are put on notice that, should a scheduled plea hearing not be completed, the Court will not consider the same to be good cause to support a continuance of the trial.

The Court **FINDS** that the time between April 19, 2021, and July 19, 2021, is excludable from the computation of time within which trial must commence, pursuant to 18 U.S.C. § 3161(h)(7).  [See *General Order #9* (Document 12), *General Order #10* (Document 14), and *General Order #11* (Document 16), *In Re: Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic*, Miscellaneous Number: 2:20-mc-00052.]

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Aboulhosn, to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:   March 23, 2021

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA